**UNITED STATES of America,**
Appellant,

v.

**H. E. YOST, Appellee.**

No. 15564.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1956.

John J. Cound, Atty., Dept. of Justice, Washington, D. C., John C. Ford, Asst. U. S. Atty., Dallas, Tex., Melvin Richter, Atty. Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellant.

No appearance, for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

Thurman R. Yost, whose father was the plaintiff below and is the appellee here, was insured as a member of the United States Armed Forces under two National Service Life Insurance policies. One policy was for $2,000, issued in 1942, and the other for $8,000, issued in 1943. The mother of the insured, Exie Virginia Yost, was the principal beneficiary of each policy. Under one policy the plaintiff, H. E. Yost, the insured's father, was named as contingent beneficiary. Under the other policy he was contingent beneficiary under the statute providing for the insurance. The insured was killed in action on June 29, 1944. Notice of his death was given to his mother, Mrs. Exie Virginia Yost, in March of 1945. In the following month the Veterans Administration advised her that she was the beneficiary of $10,000 of insurance on her son's life and sent to her a form for electing the mode of payment of the insurance. The options as shown on the form were in two parts, one applicable to beneficiaries under thirty years of age and the other to beneficiaries of or over the age of thirty. The insured's mother, primary bene-

ficiary of his insurance, was in her fifty-fifth year at the time he was killed.

The options listed gave Mrs. Yost the election to receive the insurance payable to her (1) in equal monthly installments for 120 months certain with such payments continuing throughout her lifetime, or (2) in a refund life income in monthly installments payable for such period certain as may be required in order that the sum of the installments certain, including a last installment of such reduced amount as may be necessary, shall equal the face of the contract, with such payments continuing throughout her lifetime. The form showed the amounts payable monthly to beneficiaries of various ages under the different options. Under the first option, as shown by the tables, Mrs. Yost's monthly payments would have been $60.30, and under the second option each monthly installment would have been $56.00.

Mrs. Yost elected Option 2 and three days later changed her designation to Option 1 as, she said, "I am over thirty years of age." After receiving 52 installments of $60.30, a total of $3,135.60, Mrs. Yost died on October 16, 1948. The contingent beneficiary, the plaintiff in the District Court and appellee before us, received the remaining 68 of the 120 installments of $60.30 each, a total of $4,100.40. The plaintiff, asserting that since only $7,200 had been paid, there was a balance of $2,800 unpaid and payable on the policies, brought suit. On stipulated facts, the District Court entered judgment for the plaintiff. The Government appealed.

At the time the insurance was effected, no settlement options were available. The insurance under the then existing statute was payable to the primary beneficiary in equal monthly installments for one hundred twenty months certain with such payments continuing during the remaining life of such beneficiary, with unpaid installments certain payable to the contingent beneficiary. National Service Life Insurance Act of 1940, 54 Stat. 1008, 1010, 38 U.S.C.A. § 801 et seq. By an amendment of 1944, it was provided that the Administrator of the Veterans Administration, under regulations to be promulgated by him, might include a provision authorizing the insured or beneficiary to elect a refund life income in monthly installments for such period certain as may be required in order that the sum of the installments certain, including a last installment of such reduced amount as may be necessary, shall equal the face value of the contract. 58 Stat. 762, 763. The statutory provision upon which our interest centers, as presently in force, may be found at 38 U.S.C.A. § 802(h) (2, 3).

As authorized by Congress the Administrator promulgated Regulation 3450, and that portion thereof here applicable reads as follows:

"If the beneficiary to whom payment is first made is thirty or more years of age at the time of the death of the insured, payment shall be made in equal monthly installments for 120 months certain, with such payment continuing throughout the remaining lifetime of such beneficiary. The amount of the monthly installment for each $1,000 of insurance shall be determined by the age of the beneficiary as of last birthday at the time of the death of the insured, in accordance with the following schedule based upon the American Experience Table of Mortality and interest at the rate of 3 per centum per annum:" 38 C.F.R. 1941 Supp. § 10.3450.

The schedule incorporated in the regulation fixed the amount of each of the monthly installments payable where the primary beneficiary is of the age of 55 at $6.03 for each $1,000 of insurance.

The contingent or secondary beneficiary is entitled only to the "installments certain of insurance remaining unpaid" at the death of the primary beneficiary. 38 U.S.C.A. § 802(h) (3). Hence the appellee here would not be entitled to recover if the statute permitted the promulgation of the regulation adopting an actuarial determination of the amount of each monthly installment. The effect of

the regulation was that, if the primary beneficiary lived longer than his or her life expectancy, a greater amount than the face of the policy plus interest would be paid. So also, if the primary beneficiary did not live the expectancy period the amount paid would be less than the face of the policy plus interest, or perhaps as in the case before us, less than the face amount of the policy without interest.

The Supreme Court of the United States has recently had occasion to construe the statute above cited and to pass upon the validity of the above-mentioned regulation as well as making a determination of the effect of the regulation. United States v. Zazove, 334 U.S. 602, 68 S.Ct. 1284, 92 L.Ed. 1601, rehearing denied 335 U.S. 837, 69 S.Ct. 12, 93 L.Ed. 389. In the Zazove case it was contended by the insured's widow, who was the primary beneficiary of the insurance, that under the statute the total of monthly installments payable over a period of 120 months certain should equal the face value of the insurance, plus interest. It was urged that the regulation which set up the payments on an actuarial basis measured by the life expectancy of the primary beneficiary was in conflict with the statute and hence invalid.

The Supreme Court in the Zazove opinion, sets forth the principles that should apply in construing the National Service Life Insurance Act. The doctrine of construction in favor of the insured that might be applied in construing a commercial insurance policy was rejected. The Court held that the provisions of the statute were not so clear as to preclude the construction adopted by the Veterans Administration in the regulation. The Court pointed out the recognition by the Congress of the administrative construction, and the tacit approval by the Congress of the actuarial determination and of the regulation providing for such determination by the enactment of the 1946 amendment to the Act. 60 Stat. 779, 785. The validity of the regulation was upheld in the Zazove case. The regulation was properly used in fixing the amounts pay-

able under the Yost insurance contract. Recovery by the appellee should have been denied. For entry of judgment for the appellant, the United States of America, the judgment from which appeal was taken is

Reversed and remanded.